E-FILED: 4-12-10

1  MICHAEL VON LOEWENFELDT (178665)
   MICHAEL NG (237915)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  JERUSALEM F. BELIGAN (211258)
   CHRIS L. CARNAKIS (219769)
6  **BELIGAN LAW FIRM LLP**
   20955 Pathfinder Road, Suite 100
7  Diamond Bar, CA 91765
   Telephone: (909) 843-6404
8  Fax: (909) 843-6350

9  Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

## UNLIMITED JURISDICTION

| | |
|---|---|
| LEO DIAPO, DAVID LIBERTY, MATTHEW CATRICOLA, RICK JAHSHAN, JASON HARROLD, JUDITH JACQUES and KAREN ABE, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLIGHT CENTRE USA, INC., a Delaware corporation; and DOES 1–25,<br><br>Defendants. | Case No. CV 09-04790 PSG (RZX)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff LEO DIAPO ("DIAPO") is a former employee of Defendant FLIGHT CENTRE USA, INC. Mr. DIAPO was employed as a Travel Consultant in Defendant's Newport Beach branch office located in the County of Orange, California, one of 15 such offices located in the State of California during the relevant time period.

2. Plaintiff DAVID LIBERTY ("LIBERTY") is also a former employee of Defendant. Mr. LIBERTY was employed as a Travel Consultant in Defendant's Newport Beach branch office located in the County of Orange, California.

3. Plaintiff MATTHEW CATRICOLA ("CATRICOLA") is also a former employee of Defendant. Mr. CATRICOLA was employed as a Travel Consultant and Manager in Defendant's Newport Beach branch office located in the County of Orange, California.

4. Plaintiff RICK JAHSHAN ("JAHSHAN") is also a former employee of Defendant. Mr. JAHSHAN was employed as a Travel Consultant in Defendant's Los Angeles branch office located in the County of Los Angeles, California.

5. Plaintiff JASON HARROLD ("HARROLD") is also a former employee of Defendant. Mr. HARROLD was employed as a Travel Consultant in Defendant's Los Angeles branch office located in the County of Los Angeles, California.

6. Plaintiff JUDITH JACQUES ("JACQUES") is also a former employee of Defendant. Ms. JACQUES was employed as a Travel Consultant in Defendant's Los Angeles branch office located in the County of Los Angeles, California.

7. Plaintiff KAREN ABE ("ABE") is also a former employee of Defendant. Ms. ABE was employed as a Travel Consultant in Defendant's Venice and Redondo branch offices, both of which are located in the County of Los Angeles, California.

8. Defendant FLIGHT CENTRE USA, INC. ("FLIGHT CENTRE") is a Delaware corporation with its principal place of business located in Vancouver, British Columbia, Canada.

9. A subsidiary of a larger travel business with operations in North America, New Zealand, South Africa and the United Kingdom that touts itself as a "leading retailer of travel products and services for the leisure and corporate markets," FLIGHT CENTRE operates a chain

of travel agency offices across the United States, including at least fifteen offices in California during the relevant time period.

10. Through its employee Travel Consultants and Managers, FLIGHT CENTRE sells tickets, vacation packages and other goods and services to individual and corporate customers. FLIGHT CENTRE has transacted and continues to transact business in the State of California, including the Counties of Orange and Los Angeles.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 25 are unknown to Plaintiffs, who therefore sue these Defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiffs further allege that each of these fictitious Defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiffs will amend this complaint to show these Defendants' true names and capacities when ascertained, as well as the manner in which each fictitious Defendant is responsible.

12. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants named in this complaint was an agent, servant, employee, co-conspirator and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of said agency, service, employment, conspiracy and/or joint venture.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct complained of herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct and wrongdoing.

**VENUE**

14. Venue is proper in the County of Los Angeles because obligations and liabilities that are the basis of this action arose in Los Angeles County.

**GENERAL ALLEGATIONS**

15. Plaintiffs are former FLIGHT CENTRE Travel Consultants and Managers. The

– 2 –
FIRST AMENDED COMPLAINT

1  primary job duties for employees in both titles were the sale of tickets, vacation packages and
2  other goods or services offered by FLIGHT CENTRE. Though Managers were given a different
3  title, their primary job duty was sales, and FLIGHT CENTRE's express policy mandated that
4  they spend the vast majority of their time on sales activities.

5  16. As more fully described herein, Plaintiffs' positions were not exempt from the
6  overtime requirements of California law.

7  17. Plaintiffs allege, on information and belief, that all Travel Consultants and
8  Managers, are and were required to work more than eight hours each day, and at least five days a
9  week, and were regularly required to work longer hours. Further, Plaintiffs and other Travel
10 Consultants and Managers were regularly required to, and did work through meal periods and
11 rest periods.

12 18. Plaintiffs bring this action on behalf of themselves and all other persons who are,
13 were, or will be employed by FLIGHT CENTRE in California as Travel Consultants or
14 Managers or in other job titles whose primary duties were the sale of goods and services within
15 the four years prior to this action's filing date through the date of this action's final disposition.

16 19. Plaintiffs and other Travel Consultants and Managers are and were paid a blended
17 wage by FLIGHT CENTRE. In addition to a base annual salary, they were paid a small
18 commission on sales.

19 20. Though Travel Consultants and Managers were not exempt from California
20 overtime requirements, FLIGHT CENTRE treated them as exempt employees and failed to pay
21 them required overtime wages.

22 21. Plaintiffs and other Travel Consultants and Managers were regularly required to
23 work more than eight hours per day or forty hours in a given work week, including mandatory
24 meetings, set-up and preparatory time before the offices opened, paperwork and cleanup after the
25 offices closed, required off-site team-building events, training and follow-up with customers
26 during off hours.

27 22. In addition, Defendants failed to keep accurate records showing when Plaintiffs
28 and the other Travel Consultants and Managers began work and ended each work period as

1  required by California law.

2      23.    Defendants' failure to pay overtime as discussed above has been knowing and
3  willful.

4      24.    Defendants also failed to provide Travel Consultants and Managers proper break
5  periods as required by California law.  Plaintiffs and the other Travel Consultants and Managers
6  therefore are and have been entitled to be compensated at the rate of one hour of regular pay for
7  each instance in which they worked through a break period.  Defendants also failed to make and
8  keep accurate time records recording any break periods provided to Plaintiffs and the other
9  Travel Consultants and Managers, as required by California law.

10      25.    Defendants also failed to provide Plaintiffs and the other Travel Consultants and
11  Managers proper meal periods as required by California law.  Plaintiffs and the other Travel
12  Consultants and Managers therefore are and have been entitled to be compensated at the rate of
13  one hour of regular pay for each instance in which they worked through a meal period or were
14  not given a proper meal period.  Defendants also failed to make and keep accurate time records
15  recording any meal periods provided to Plaintiffs and the other Travel Consultants and
16  Managers, as required by California law.

17      26.    Defendants also required Plaintiffs and other Travel Consultants and Managers to
18  incur business expenses, including the cost of purchasing and maintaining uniforms, mileage,
19  parking costs and dining expenses, all without reimbursing all such expenses are required by
20  California law.

21      27.    Defendants further made unlawful deductions from the wages of Plaintiffs and
22  other Travel Consultants and Managers, including credit card charges and costs associated with
23  mistakes (even clients' mistakes) in the travel booking process.

24      28.    Plaintiffs, on behalf of themselves and all similarly situated Travel Consultants
25  and Managers, seek compensation for all uncompensated work required, suffered, or permitted
26  by Defendants; injunctive and declaratory relief; liquidated and/or other damages; and penalties
27  as permitted by applicable law; interest; and attorneys' fees and costs.

28

– 4 –
FIRST AMENDED COMPLAINT

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this class action on behalf of themselves and the following ascertainable class (hereinafter "the Class") of similarly situated persons: All persons employed by Defendant FLIGHT CENTRE as Travel Consultants or Managers or in other job titles whose primary duties were the sale of goods and services, within the four years prior to this action's filing date through the date of this action's final disposition (hereinafter, "Class Members").

30. This action is brought pursuant to California Code of Civil Procedure § 382.

31. Plaintiffs are informed and believe, and on that basis allege, that the number of Class Members is so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiffs at this time and can be only ascertained through discovery, Plaintiffs believe that there are several hundred, or more, Class Members.

32. Plaintiffs' claims are typical of the claims of the Class, because Plaintiffs and all Class Members sustained damages that arise out of Defendants' same pattern and practice of failing to pay Travel Consultants and Managers overtime premium compensation due to them as required by California law, and failing to provide Travel Consultants proper rest and meal periods as required by California law, and failing to reimburse business expenses as required by California law.

33. Plaintiffs will fully and adequately protect the interests of the other Class Members, and have retained class counsel who are experienced and competent in both class and consumer litigation. Plaintiffs have no interests that are contrary to or in conflict with those of the class.

34. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

35. The likelihood of individual Class Members prosecuting separate claims is remote, and individual Class Members do not have a significant interest in individually controlling the prosecution of separate actions. Additionally, the prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards

1   of conduct for Defendants under the law herein alleged.

2       36.    There is a well-defined community of interest between Plaintiffs and the other 3 Class Members.  Questions of law and fact common to the members of the Class predominate 4 over any questions that may affect only individual members, in that Defendants have acted in a 5 manner generally applicable to the entire class.  Among the questions of law and fact common to 6 the class are:

    a.    Whether Defendants unlawfully classified Travel Consultants and Managers as exempt from overtime premium compensation under California law;

    b.    Whether Defendants failed to pay Travel Consultants and Managers overtime premium compensation for overtime hours worked as required by California law;

    c.    Whether Defendants failed to keep accurate records showing when Travel Consultants and Managers began and ended each work period as required by California law;

    d.    Whether Defendants failed to provide Travel Consultants and Managers proper break periods as required by California law;

    e.    Whether Defendants failed to provide Travel Consultants and Managers proper meal periods as required by California law;

    f.    Whether Defendants failed to reimburse business expenses incurred by Travel Consultants and Managers as required by California law;

    g.    Whether Defendants' violations of California's labor laws constitute unlawful, unfair or fraudulent business practices; and

    h.    Whether Class Members are entitled to relief for Defendants' violations of California labor laws and, if so, the proper relief.

    37.    Accordingly, this action should be maintained as a class action.

## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### (By Plaintiffs and the Class against all Defendants)

38. Plaintiffs, on behalf of themselves and all Class Members (hereinafter, the "Class"), re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

39. California law requires that an employer such as Defendants compensate all non-exempt employees at a rate of one and one-half (1 ½) times the regular rate of pay for work performed above eight hours in a workday, above forty (40) hours in a workweek or the first eight hours on the seventh consecutive day of work in a workweek; and at two (2) times the regular hourly rate for those hours worked in excess of twelve (12) hours in a workday and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek.

40. Plaintiffs and members of the Class regularly worked more than 8 hours in a workday and/or 40 hours per workweek.

41. Plaintiffs and members of the Class are non-exempt employees, and have been and are entitled to be paid overtime premium compensation for all overtime hours worked.

42. At all relevant times, Defendants failed and refused to pay overtime premium compensation to the members of the Class for their hours worked in excess of eight (8) hours per day or forty (40) hours per week.

43. Defendants also failed to make and keep accurate time records showing when Plaintiffs and the Class began work and ended each work period.

44. By failing to make and keep accurate time records showing when Plaintiffs and the Class began work and ended each work period, and by failing to compensate Plaintiffs and the Class at a rate of one and one-half (1 ½) times the regular rate of pay for work performed above eight (8) hours in a workday or above 40 hours in a workweek, and at two (2) times the regular hourly rate for those hours worked in excess of twelve (12) hours in a workday and for all hours worked in excess of eight hours on the seventh consecutive day in a workweek, Defendants violated California law.

1   45.   Wherefore, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

### For Failure to Pay Wages for Rest Break Periods

**(By Plaintiffs and the Class against all Defendants)**

46.   Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

47.   California law requires an employer to provide an employee ten minutes of "net rest time" for every four hours worked or "major fraction thereof," with the rest period to be available near the middle of the work period, insofar as is practicable.

48.   Members of the Class, including Plaintiffs, were required to work through rest breaks or were not given rest breaks at all.

49.   Under California law, Defendants are obligated to pay each member of the Class who worked through a rest break or was not provided a proper rest break for every four hours worked at the rate of one hour of regular pay per violation.

50.   Wherefore, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

### For Failure to Pay Wages for Meal Periods

**(By Plaintiffs and the Class against all Defendants)**

51.   Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

52.   California law requires an employer to provide an employee with a meal period of not less than thirty minutes for any work period of more than five hours.  California law also requires an employer to provide employees working more than 10 hours per day a second meal period.  Except in specific circumstances not relevant here, unless the employee is relieved of all duties during the meal period, the entire period must be counted as time worked.

53.   The nature of work performed by Travel Consultants was not such that prevented them from being relieved of duty during their respective meal periods.  Nevertheless, members of the Class were often required to work through their meal periods or were not given meal



– 8 –

FIRST AMENDED COMPLAINT

1 periods at all. Defendants also failed to make and keep accurate time records recording meal
2 periods provided to Plaintiffs and the Class.

3     54. Under California law, Defendants are obligated to pay each member of the Class
4 who worked through a meal period or was not give a proper meal period at the rate of one hour
5 of regular pay per violation.

6     55. Wherefore, Plaintiffs pray for judgment as set forth below.

### FOURTH CAUSE OF ACTION

**Waiting Time Penalties Under Labor Code § 203**

**(By Plaintiffs and the Class against all Defendants)**

10     56. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by
11 reference all preceding paragraphs as if they were set forth herein.

12     57. At the time of Plaintiffs' resignation, Defendants failed to pay Plaintiffs any of the
13 amounts due as set forth herein. Defendants' failure to pay Plaintiffs overtime, meal and break
14 time at the time of Plaintiffs' resignation and/or termination and, thus, violates Labor Code §§
15 201 and 202.

16     58. Defendants' failure to pay Plaintiffs' wages was willful and Plaintiffs are entitled
17 to penalties under Labor Code § 203 which provides that an employee's wages shall continue as
18 a penalty until paid or for a period up to thirty days, whichever is shorter.

19     59. Wherefore, Plaintiffs pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION

**For Failure to Reimburse Business Expenses**

**(By Plaintiffs and the Class against all Defendants)**

23     60. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by
24 reference all preceding paragraphs as if they were set forth herein.

25     61. California Labor Code section 2802 states that "An employer shall indemnify his
26 or her employees for all necessary expenditures or losses incurred by the employee in direct
27 consequence of the discharge of his or her duties, or of his or her obedience to the directions of
28 the employer, even though unlawful, unless the employee, at the time of obeying the directions,



believed them to be unlawful." This section prohibits employers from requiring employees to incur unreimbursed business expenses and from passing on the cost of business overhead to employees. Labor Code section 2802 represents a fundamental public policy of the State of California, and the rights created in that section are not waivable.

62. As described above, Defendants regularly required Plaintiffs and other Class Members to incur expenses necessary to the performance of Plaintiffs' duties including the maintenance and purchase of uniforms, mileage, parking costs, dining expenses, credit card charges and costs associated with mistakes made in the travel booking process, but failed to reimburse said expenses. Defendants' conduct violates Labor Code section 2802.

63. Wherefore, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**For Failure to Provide Accurate Wage Statements**

**(By Plaintiffs and the Class against all Defendants)**

64. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

65. Labor Code section 226(a) requires an employer to "semi-monthly, or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . [and] (4) all deductions . . ." along with other information.

66. Labor Code sections 226(a) and 226.3 provide for damages and penalties for each violation of Labor Code section 226(a).

67. Defendants failed to provide Plaintiffs and each other member of the Class with the accurate statements required by Labor Code section 226(a) because the itemizations provided by Defendants (1) under-reported the amount of overtime earned by misreporting the regular rate, (2) failed to report all hours worked, and (3) did not list all deductions. Accordingly, Defendants violated Labor Code section 226(a) for Plaintiffs and each member of the Class with respect to every pay period during his or her employment.

68. Wherefore, Plaintiffs pray for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

### Unlawful Deductions

**(By Plaintiffs and the Class against all Defendants)**

69. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

70. California Labor Code section 221 states that "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

71. As described above, Defendants regularly deducted amounts from the wages earned by Plaintiffs and other members of the Class, including deductions for credit card fees and deductions for mistakes in the travel booking process. These deductions violated Labor Code section 221.

72. Wherefore, Plaintiffs pray for judgment as set forth below.

## EIGHTH CAUSE OF ACTION

### For Unfair Business Practices

**(By Plaintiffs and the Class against all Defendants)**

73. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

74. This cause of action is brought pursuant to Business & Professions Code section 17200 *et seq.*

75. It is the law and public policy of the State of California that employers compensate non-exempt employees at a premium rate for all hours worked in excess of 40 hours in a given work week, see Indus. Welfare Comm'n Order No. 4-2001 § 3; that employers provide non-exempt employees proper break periods, see id. § 12(A); that employers provide non-exempt employees proper meal periods, see id. § 11; that employers maintain accurate records showing when non-exempt employees began work and end work periods and recording meal periods provided to non-exempt employees, see id. § 7; that employers provide accurate wages statements to employees, see Labor Code § 226(a); and that employers reimburse all

business expenses incurred by employees, see Labor Code § 2802.  Defendants' failure to compensate Class Members at the premium rate for all hours worked more than 40 hours in a given work week, their failure to provide Class Members proper break periods, their failure to provide Class Members proper meal periods, their failure to maintain accurate records showing when Class Members began work and ended work periods and recording meal periods provided, their failure to provide accurate wage statements and their failure to reimburse business expenses incurred by their employees constitute unfair business practices in violation of Business & Professions Code section 17200 *et seq.*

76. Plaintiffs are informed and believe that Defendants' conduct described above is unlawful because that conduct consists of violations of the California Labor Code and Industrial Welfare Commission Work Orders.

77. In committing the unfair and unlawful business practices described above, Defendants have been unjustly enriched and should be disgorged of its unjustly acquired gains, pursuant to Business & Professions Code section 17203, in an amount to be determined at trial. Additionally, Plaintiffs seek restitution of the amounts that Defendants has improperly withheld from them and the Class by virtue of their conduct in violation of that section.

78. Wherefore, Plaintiffs pray for judgment as set forth below.

## NINTH CAUSE OF ACTION

**Civil Penalties Under Labor Code §§ 2699–2699.5**

**(By Plaintiffs and the Class against all Defendants)**

79. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein.

80. As a result of Defendants' conduct as alleged herein, Defendants are liable for numerous civil penalties that may be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or its departments, divisions, commissions, boards, agencies or employees.

81. Plaintiffs are entitled to seek those civil penalties from Defendants pursuant to Labor Code sections 2699 through 2699.5.  Plaintiffs are employees aggrieved by Defendants'

1  conduct, and have met the procedural requirements set out in those statutes.  On February 12, 2010, Plaintiffs sent the requisite statutory notice to the LWDA pursuant to California Labor Code section 2699.3(a)(1).  The LWDA did not provide a notice of either intent to investigate, or no intent to investigate, within the 33 calendar days provided by section 2699.3(a)(2).  Accordingly, Plaintiffs have the right to pursue these penalties in this case pursuant to California Labor Code section 2699.3(a)(2)(A).

82. On their own behalf and on behalf of the Class members, Plaintiffs therefore seek from Defendants any civil penalties available under the Labor Code for the violations described herein.

83. Wherefore, Plaintiffs pray for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for relief as follows:

1. Certification of this action as a class action on behalf of the Class;
2. Designation of Plaintiffs as representatives of the Class;
3. Unpaid overtime premium compensation as provided by California law for overtime hours worked;
4. Compensation at the rate of one hour of regular pay for each instance in which a Class Member worked through a rest break or was not provided a proper rest break for every four hours worked;
5. Compensation at the rate of one hour of regular pay for each instance in which a Class Members worked through a meal period or was not given a proper meal period;
6. Labor Code section 203 penalties;
7. Damages and penalties pursuant to Labor Code sections 226(a) and 226.3;
8. Reimbursement of all unreimbursed business expenses as provided by law;
9. A declaratory judgment that the practices complained of in this complaint are unlawful under California law;

10. An injunction against FLIGHT CENTRE and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

11. An award of damages, according to proof;

12. All penalties required by California law, and, specifically including Labor Code sections 2699–2699.5;

13. Attorneys' fees and costs, including expert fees, and expenses as provided by California law;

14. For prejudgment and post-judgment interest at the maximum legal rate; and

15. Such other relief as the Court deems just and proper.

Plaintiffs hereby demand a jury trial.

DATED: April __, 2010

**KERR & WAGSTAFFE LLP**

By _____
MICHAEL VON LOEWENFELDT
MICHAEL NG

Attorneys for Plaintiffs

– 14 –
FIRST AMENDED COMPLAINT