MICHAEL VON LOEWENFELDT (178665)
MVL@KERRWAGSTAFFE.COM
MICHAEL NG (237915)
MNG@KERRWAGSTAFFE.COM
**KERR & WAGSTAFFE LLP**
100 SPEAR STREET, SUITE 1800
SAN FRANCISCO, CA 94105–1528
TELEPHONE: (415) 371-8500
FAX: (415) 371-0500

JERUSALEM F. BELIGAN (211258)
JBELIGAN@GMAIL.COM
CHRIS L. CARNAKIS (219769)
CCARNAKIS@GMAIL.COM
**BELIGAN LAW FIRM, LLP**
20955 PATHFINDER ROAD, SUITE 100
DIAMOND BAR, CA 91765
TELEPHONE: (909) 843-6404
FAX: (909) 843-6350

ATTORNEYS FOR PLAINTIFFS
LEO DIAPO, DAVID LIBERTY, MATTHEW CATRICOLA,
RICK JAHSHAN, JASON HARROLD,
JUDITH JACQUES AND KAREN ABE

E-FILED 10/04/10
TERM #40 & #41
JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEO DIAPO, DAVID LIBERTY, MATTHEW CATRICOLA, RICK JAHSHAN, JASON HARROLD, JUDITH JACQUES and KAREN ABE, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLIGHT CENTRE USA, INC., a Delaware corporation; and DOES 1-25,<br><br>Defendants. | Case No. CV 09-4790 PSG (RZX)<br><br>[~~PROPOSED~~] ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE PAYMENTS<br><br>DATE:   October 4, 2010<br>TIME:   1:30 p.m.<br>PLACE:  Courtroom 880<br><br>Honorable Philip S. Gutierrez |

Plaintiffs Leo Diapo, David Liberty, Matthew Catricola, Rick Jahshan, Jason Harrold, Judith Jacques and Karen Abe (collectively the "Representative Plaintiffs"), on behalf of themselves and on behalf of a Class, as defined below, and defendant Flight Centre USA, Inc. have entered into a settlement (the "Settlement"), subject to this Court's final approval.  The terms of that Settlement are set forth fully and completely in the Settlement Agreement filed with the Clerk of the Court on April 26, 2010 as Exhibit A to the Declaration of Michael von Loewenfeldt In Support of Motion for Preliminary Approval of Class Action Settlement.  The Court granted Preliminary Approval to the settlement on July 15, 2010, and Notice was sent to the Class on or about July 19, 2010.

The parties came before the Court on October 4, 2010 on motions for final approval of the settlement as well as for approval of the requested attorneys' fees, costs, and class representative incentive awards.  Due and adequate notice was given to the Class Members, and no Class Member has objected to the Settlement or any of its terms.   Accordingly, the Court having considered the Settlement, all papers filed and proceedings had herein, having reviewed the record in the above-captioned action (the "ACTION"), and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court finds that the distribution of the Notice as provided for in the Court's prior order constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the final

1. approval hearing, the actual Notice to the Class was adequate;

2. The Court finds that the action presented a good faith dispute over the payment of wages, and the Court finds in favor of settlement approval;

3. The Court notes that no Class Members have objected to the terms of the settlement and only two have opted out.  For the reasons set forth in the moving papers before the Court, the Court approves settlement of the action, as set forth in the Settlement Agreement as fair, just, reasonable and adequate.  The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement;

4. Consistent with the Settlement Agreement, this action is dismissed on the merits and with prejudice.  All Class Members who did not opt out shall be bound by the release contained in the Settlement Agreement and the judgment in this action;

5. Class Counsel are awarded $450,000 in attorneys' fees and $10,713 in cost reimbursement to be paid from the Gross Settlement Fund.  The Claims Administrator shall also be paid $8,600 from the Gross Settlement Fund.  The Court notes that these fees and significantly higher costs were included in the Notice, and no class member has objected to them.  The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court.

6. The seven representative plaintiffs are each awarded $5,000 as an

incentive award for their services in bringing and prosecuting this matter (for a total of $35,000). The Court notes that this request was included in the Notice, and no class member objected to it. The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court.

7. The Administrator is authorized to disburse funds from the Settlement Account pursuant to the terms of the Settlement Agreement and this Order.

8. The Court reserves exclusive and continuing jurisdiction over this action and the parties thereto for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement;

9. This document shall constitute a judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

Dated: __10-04-10__

_____
The Honorable Philip S. Gutierrez
United States District Judge